UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NEW YORK STUDIO, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:10-CV-2359 CAS |
| ) | |
| THE BETTER BUSINESS BUREAU OF ) | |
| GREATER ST. LOUIS, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This diversity matter is before the Court on plaintiffs' Motion for Voluntary Dismissal Without Prejudice under Federal Rule of Civil Procedure 41(a)(2). Defendant opposes the motion, asserting that any dismissal should be with prejudice or, if without prejudice, with conditions. The motion is fully briefed. For the following reasons, the Court will grant the motion for voluntary dismissal without imposing conditions.

**Background**

The three plaintiffs are corporations in the business of organizing modeling and acting events for children nationwide, which own certain trademark and intellectual property assets. The complaint, filed December 17, 2010, alleges that defendant The Better Business Bureau of Greater St. Louis, Inc. ("BBB") republished on several occasions a false "Business Reliability Report" concerning plaintiffs' businesses, which stated that: (1) plaintiffs were the same company as or associated with a company known as ACT; (2) there were thirty-nine consumer complaints filed against plaintiffs within the relevant thirty-six month time period, twenty of which were serious; and (3) plaintiffs operate an acting and modeling agency. Plaintiffs contend that as a result of these

published falsehoods, their reputation and business have been damaged. The complaint asserts claims for defamation and tortious interference with contract and/or business expectancy. Plaintiffs seek $15 million in compensatory damages and $60 million in punitive damages on each of the complaint's two counts.

The plaintiffs had originally filed an action in the United States District Court for the District of Arizona (the "Arizona action") against several Better Business Bureau entities, including the BBB. The BBB moved to dismiss plaintiffs' claims against it in the Arizona action based on lack of personal jurisdiction. In response, plaintiffs voluntarily dismissed their claims against the BBB in the Arizona action under Rule 41(a)(1), and then filed this action days later.

The BBB filed its answer to the complaint in this case January 2011 and the Court issued a Case Management Order on February 7, 2011. Discovery commenced and on April 14, 2011, the BBB filed a motion to compel responses and to overrule plaintiffs' objections to requests for admission. On April 19, 2011, plaintiffs filed the instant motion to voluntarily dismiss the case without prejudice.

**Plaintiffs' Motion and the Parties' Positions**

In support of their motion, plaintiffs state that the BBB's discovery responses indicate it is asserting as a principal defense that in making the allegedly defamatory statements, it relied on the representations and assurances of the Phoenix Better Business Bureau. Plaintiffs state that if this can be proved, some or all of the damages alleged to have been caused by the BBB may actually have been caused by the Phoenix BBB. Plaintiffs also state that it now appears many of the factual issues to be litigated in the Arizona action will also likely be litigated in this case, including whether the BBB relied on the Phoenix BBB's representations and assurances, and the nature and extent of

2

that reliance. Plaintiffs also state that the court in the Arizona action may determine that the Phoenix BBB is responsible for some of the damages asserted against the BBB in this case, possibly limiting the scope of plaintiffs' damage claims here.

Plaintiffs state that as a result of the foregoing, voluntary dismissal of this action without prejudice is appropriate. Plaintiffs assert that voluntary dismissal pursuant to Rule 41 should be granted "unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second law suit." Pls.' Mem. Supp. at 3 (cited case omitted). Plaintiffs assert that the BBB will not suffer any legal prejudice as a result of the dismissal because the case is in its very early stages, the discovery has not been extensive, and plaintiffs would not object to the utilization of discovery in subsequent proceedings between the parties, so the discovery efforts undertaken by the BBB could be used in any re-filing of this action.

The BBB objects to plaintiffs' request for a voluntary dismissal without prejudice, asserting that the case should be dismissed with prejudice. The BBB contends that plaintiffs' stated reasons for the dismissal are weak and pretextual. The BBB asserts that plaintiffs knew when they filed this action that the source for the claimed defamation was the BBB's republication of information it obtained from the Phoenix BBB's Business Reliability Report. The BBB asserts that plaintiffs' explanation is pretextual, because the timing of the dismissal "evinces a desire to avoid acknowledging and disclosing facts about their questionable business practices and their association with other businesses having similar issues." BBB Mem. Opp. at 7.

The BBB also asserts that it would be prejudiced by a voluntary dismissal because other suits involving nearly identical claims are pending, and dismissal "would prejudice the BBB by making it sit on the sidelines while plaintiffs pursue discovery in these other pending cases. If plaintiffs do

3

refile, they would have a huge head start, with the BBB playing catch-up." BBB Mem. Opp. at 7. The BBB also asserts that it would be prejudiced because it could not pursue a malicious prosecution action against plaintiffs based on a voluntary dismissal without prejudice. The BBB also asserts it would prejudiced as a consequence of the possible loss of material evidence that is presently the subject of its outstanding discovery requests, as some of the discovery is "fleeting and temporary and could be forever lost, either innocently or by design," such as call center recordings of calls from plaintiff's customers. Id. at 8-9. Finally, the BBB contends that although no dispositive motion is pending, the discovery at issue "was the first step toward such a motion" and "it could be said that plaintiffs' current motion is for the purpose of evading an unfavorable disposition of the case." Id. at 9.

In the alternative, the BBB asks that any dismissal without prejudice be conditioned on: (1) plaintiffs' reimbursement of the BBB's expenses, including attorney's fees; (2) an injunction requiring plaintiffs to preserve the matters that are the subject matter of the BBB's outstanding discovery requests; and (3) an order allowing the BBB to continue pursuant presently-pending third party discovery of materials which might become unavailable by the time any action is refiled.

Plaintiffs reply that although the Court has the power to enter a dismissal with prejudice, the Eighth Circuit has stated that where a plaintiff requests dismissal without prejudice and the court intends to dismiss with prejudice, it must first give the plaintiff notice of its intention and a chance to withdraw the request and proceed with litigation, citing Jaramillo v. Burkhart, 59 F.3d 78, 79 (8th Cir. 1995). Plaintiffs state they would likely withdraw their motion if the Court were to provide such notice.

With respect to the validity of their reasons for seeking dismissal, plaintiffs reply that while they previously knew that the BBB's false statements were informed in part by the Phoenix BBB's Business Reliability Report, discovery in this case revealed that the BBB claims it published its false statements after reading the Phoenix BBB's report, being expressly notified by plaintiffs' counsel that the report contained false information, and then following up with the Phoenix BBB, which falsely reassured the BBB of the accuracy of the report. Plaintiffs state, "This raises significant issues regarding the extent of [the BBB's] reckless disregard for the truth, as well as the real possibility that the Phoenix BBB could be found liable for some of the acts and omissions claimed against Defendant herein." Reply at 6.

Plaintiffs contend that the BBB fails to cite any legally cognizable prejudice in opposing the voluntary dismissal. Plaintiffs state that the BBB's assertion it will be prejudiced by having to "sit on the sidelines" while discovery occurs in related cases is a type of tactical issue that is not legally cognizable prejudice for purposes of a Rule 41 voluntary dismissal, citing Dean v. WLR Foods, Inc., 204 F.R.D. 75, 77 (W.D. Va. 2001) (plaintiff's gain of a tactical advantage does not rise to the level of prejudice sufficient to bar voluntary dismissal). With respect to the BBB's assertion that a voluntary dismissal will preclude it from filing a malicious prosecution action, plaintiffs state that the purported claim is speculative and far-fetched, as their claims have merit and this case has not been pending long enough and not enough discovery has been conducted to enable the BBB or the Court to assess whether sufficient evidence exists to verify that such a malicious prosecution claim might have merit. Plaintiffs state they are aware of the duty to preserve all material evidence based on the pendency of other related lawsuits involving similar and overlapping factual allegations, which will continue until all of the related disputes are resolved. Plaintiffs state that they are not

5

seeking the dismissal to avoid an adverse result, and assert that the BBB's contention its pending motion to compel is the "first step" toward a dispositive motion is too speculative to warrant any consideration.

Finally, plaintiffs state that under Eighth Circuit precedent, an award of attorneys' fees (1) is inappropriate if the defendant's efforts would inure to its benefit in a refiled action, (2) is inappropriate when the dismissal occurs at an early stage in the litigation, as in this case, and (3) should take place only after the case has been filed, citing, among other cases, Kern v. TXO Production Corp., 738 F.2d 968, 972 (8th Cir. 1984). Plaintiffs also assert that the BBB has over-litigated this case to date using "hyper-aggressive 'scorched earth' tactics" so there is reason to believe much of its costs and attorneys' fees are unreasonable and excessive. Pls.' Reply at 13,

**Discussion**

In determining whether to grant plaintiffs' motion for voluntary dismissal, the Court considers the following factors: (1) whether the plaintiffs have presented a proper explanation for the desire to dismiss, (2) whether the BBB has expended considerable effort and expense in preparing for trial, (3) whether the plaintiffs exhibited "excessive delay and lack of diligence" in prosecuting the case, and (4) whether the BBB has filed a motion for summary judgment. Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987). "In general, a district court should not grant a motion for voluntary dismissal merely because a plaintiff seeks a more favorable forum or wishes to escape an adverse decision." Beavers v. Bretherick, 227 F. App'x 518, 521 (8th Cir. 2007).

The Eighth Circuit has instructed that a showing of "plain legal prejudice" is required to deny a dismissal without prejudice. See Armstrong v. Adams, 869 F.2d 410, 414 (8th Cir. 1989) ("To set aside a voluntary dismissal under Fed. R. Civ. P. 41(a), [a defendant] must demonstrate

6

plain legal prejudice arising from the dismissal."). To demonstrate the required level of prejudice, a defendant must show more than that the plaintiff will gain a tactical advantage as a result of its action. Hoffmann v. Alside, Inc., 596 F.2d 822, 823 (8th Cir. 1979) (per curiam).

Applying the relevant factors to this case, the Court finds that the plaintiffs' explanation for their desire to dismiss this case is reasonable. According to plaintiffs, initial discovery indicates that plaintiffs' allegations regarding the BBB's allegedly reckless conduct in republishing the Phoenix BBB's Report may be factually unfounded, and at least some of their claims against the BBB may be more properly directed against the Phoenix BBB. Under these circumstances, it would seem to be a matter of economy for both the parties and the Court to dismiss this case until the related litigation is resolved. Because this case is in its early stages, the BBB has not expended considerable effort toward trial, although it has engaged in some discovery which would presumably be useful in subsequent litigation between the parties. The Court finds that the plaintiffs have not exhibited excessive delay or lack of diligence in prosecuting the case, but rather promptly moved for dismissal after receiving the BBB's discovery responses. Finally, the BBB has not filed a motion for summary judgment in this case. These factors weigh in favor of granting plaintiffs' motion for voluntary dismissal. Further, the Court is not persuaded that the BBB will suffer legal prejudice if the dismissal is granted without prejudice, for the reasons stated by plaintiffs in their Reply. The Court will therefore grant plaintiffs' motion to voluntarily dismiss this case without prejudice.

The Court now turns to the BBB's alternative request to impose conditions on the dismissal. This is a matter within the Court's sound discretion under Rule 41(a)(2). Herring v. City of Whitehall, 804 F.2d 464, 466 (8th Cir. 1986). "The time and effort invested by the parties, and the stage to which the case had progressed, are among the most important factors to be considered in

7

deciding whether to allow a dismissal without prejudice, and, if so, on what conditions." Kern, 738 F.2d at 972. As a general rule, "Courts impose few or no conditions early in a case when the defendant faces, at most, the mere prospect of relitigation[.]" 8 James Wm. Moore, et al., Moore's Federal Practice § 41.40[10][a] (3d ed. 2010).

Here, the case was on file for only four months when plaintiffs sought voluntary dismissal. The BBB has incurred the cost of filing its answer and preparing some discovery requests, but it has not asserted that the discovery could not be used in subsequent litigation between the parties. See Kern, 738 F.2d at 973. The BBB did not file a dispositive motion. The Court does not find that plaintiffs' action in seeking the dismissal is vexatious or in bad faith, although it notes that both parties' rhetoric is a bit overheated and, frankly, unnecessary. Finally, the BBB has not shown legal prejudice as a result of the dismissal. For these reasons, in the exercise of its discretion, the Court declines to attach conditions to the voluntary dismissal.[1]

**Conclusion**

For the foregoing reasons, the Court will grant plaintiffs' motion for voluntary dismissal without prejudice, and will deny the BBB's request for the imposition of conditions on the voluntary dismissal.

---

[1] The Court notes that the BBB did not cite any authority in support of two of the conditions of voluntary dismissal it requested: (1) an injunction requiring plaintiffs to preserve the matters that are the subject matter of the BBB's outstanding discovery requests; and (2) an order allowing the BBB to continue pursuant presently-pending third party discovery of materials which might become unavailable by the time any action is refiled.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Voluntary Dismissal Without Prejudice is **GRANTED**. [Doc. 26]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  10th   day of May, 2011.